RELEASED FOR PUBLICATION

DOCKET NO. 683

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR 10 1986
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT GANDER, NEWFOUNDLAND, ON DECEMBER 12, 1985

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of ten actions pending in seven federal districts as follows:

| District | Count |
|---|---|
| Western District of Kentucky | 3 |
| Northern District of Ohio | 2 |
| Northern District of Texas | 1 |
| Middle District of Florida | 1 |
| Northern District of Illinois | 1 |
| Eastern District of New York | 1 |
| District of Puerto Rico | 1 |

Before the Panel are a motion and cross-motion,[1] pursuant to 28 U.S.C., §1407, to centralize the actions in this litigation in a single district for coordinated or consolidated pretrial proceedings.[2] Plaintiff in one action pending in the Western District of Kentucky has moved to centralize the actions in the Kentucky forum. Cross-movant Arrow Air, Inc. seeks centralization in the Eastern District of New York. Most responding parties agree that centralization is appropriate; however, they disagree regarding the choice of the appropriate transferee district. In addition to the Kentucky plaintiff, plaintiffs in two Kentucky and two Ohio actions

---

[1] The cross-motion included two additional actions, Henry C. Gerdes, et al. v. Arrow Air Inc., M.D. Florida, C.A. No. 86-34-CIV-T-15, and Bill Willingham v. Arrow Air Inc., E.D. Texas, C.A. No. P-86-1-CA. These actions were recently dismissed. Accordingly, the question of transfer with respect to these actions is moot.

[2] The Panel has been advised of the pendency of several recently filed related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

favor centralization in the Kentucky forum. In addition to cross-movant, the New York and Puerto Rico plaintiffs as well as three defendants support centralization in the Eastern District of New York. The Texas plaintiff and the New York plaintiff suggest that centralization may be appropriate in the Southern District of Florida. The Illinois plaintiff opposes transfer; alternatively, he suggests centralization in the Northern District of Illinois or the Eastern District of New York. Parties to several potential tag-along actions have also submitted responses in support of one or another of these proposed transferee districts.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Western District of Kentucky will best serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the December 12, 1985 crash of a DC-8 aircraft shortly after take off from the Gander International Airport at Gander, Newfoundland in which all passengers -- 248 members of the 101st Airborne Division of the United States Army who were returning to Fort Campbell, Kentucky from a six month tour of duty with the multinational peacekeeping force in the Sinai Peninsula -- and eight crew members died. The factual questions shared among the actions concern the cause or causes of the accident. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

None of the forums suggested by the parties as potential transferee district could be characterized as the nexus of this litigation involving a foreign air disaster. On balance, however, we are persuaded that the Western District of Kentucky is the appropriate transferee district. We note that most of the decedents were members of the United States Army stationed at nearby Fort Campbell, Kentucky, and that pertinent witnesses and documents may be found in that vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Western District of Kentucky be, and the same hereby are, transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Edward H. Johnstone for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-683 -- In re Air Crash Disaster at Gander, Newfoundland, on December 12, 1985

### Northern District of Texas

Opal Green, et al. v. Arrow Air, Inc., C.A. No. CA3-85-2594-H

### Middle District of Florida

Donald P. Hobbs, et al. v. Arrow Air, Inc., C.A. No. 85-1917-Civ-T-15

### Northern District of Illinois

Ross Gayton, etc. v. Arrow Air, Inc., et al., C.A. No. 86-C-0398

### Northern District of Ohio

Raymond Francis Brady, Jr., etc. v. Arrow Air, Inc., et al., C.A. No. C85-3953A
Frederic P. Seitz, etc. v. Arrow Air, Inc., et al., C.A. No. C85-3876A

### District of Puerto Rico

Heriberto Gonzalez Mendez, etc. v. Arrow Air, Inc., et al., C.A. No. 85-2437 (JAF)

### Eastern District of New York

Thelma Ward, etc. v. Arrow Air, Inc., et al., C.A. No. 86-C-0090

### Western District of Kentucky

Francis Joseph, etc. v. Arrow Air, Inc., C.A. No. C-85-0370 P(J)
Nellie Malone, etc. v. Arrow Air, Inc., et al., C.A. No. C-85-0382 P(J)
Melinda Parris, etc. v. Arrow Air, Inc., et al., C.A. No. C-86-0001 P(J)

DOCKET NO. 683

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT GANDER, NEWFOUNDLAND, ON DECEMBER 12, 1985

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK, AND LOUIS POLLAK, JUDGES OF THE PANEL

CORRECTION ORDER

PER CURIAM

The Panel has been advised that the action entitled <u>Donald P. Hobbs, et al. v. Arrow Air, Inc.</u>, M.D. Florida, C.A. No. 85-1917-Civ-T-15, was dismissed without prejudice in the Middle District of Florida by order of the court entered on February 3, 1986. Accordingly, the Transfer Order of the Judicial Panel on Multidistrict Litigation filed on April 10, 1986 is CORRECTED as follows:

1. Page 1, line 1, the numbers "ten" and "seven" are CHANGED to "nine" and "six", respectively;

2. Page 1, line 6, the entry

   Middle District of Florida 1

   is DELETED; and

3. Schedule A, the entry

   <u>Middle District of Florida</u>

   <u>Donald P. Hobbs, et al. v. Arrow Air, Inc.</u>, C.A. No. 85-1917-Civ-T-10

   is DELETED.

*[Stamp: JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILED MAY 30 1986 PATRICIA D. HOWARD CLERK OF THE PANEL]*